UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN BRUNI,

                 Plaintiff,

vs.                                  Case No.  2:06-cv-293-FtM-29SPC

FMCO, L.L.C.,

                 Defendant.
_____

**OPINION AND ORDER**

      This matter comes before the Court on Defendant, FMCO, L.L.C.'s Motion to Dismiss, or in the alternative, Motion for a More Definite Statement, and Motion to Strike Prayer for Attorneys' Fees and Memorandum of Law (Doc. #8), filed on July 11, 2006. Defendant also filed a Notice of Filing Authority in Support (Doc. #9), and plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. #14) on August 7, 2006.

**I.**

     Taking all allegations as true, the Complaint (Doc. #1) provides that plaintiff, Steven Bruni ("Bruni"), uses a wheelchair for mobility purposes and is disabled as defined by The Americans with Disabilities Act ("ADA"). Defendant, FMCO, L.L.C. ("FMCO"), "transacts business in the State of Florida . . . and is the owner, lessee, lessor and/or operator of the real property and improvements . . . commonly referred to as the shopping center located at or about 11485 South Tamiami Trail, Fort Myers, Florida

(hereinafter, the 'Facility')."  Bruni brings claims against FMCO for alleged violations of Title III of the ADA, 42 U.S.C. §§12181 - 12213.

In his Complaint (Doc. #1), Bruni states that he has a personal desire to access places of public accommodation and also "acts as a 'tester' for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations."  As a "tester" he utilizes a routine practice when he visits places of public accommodation: "he engages  all of the barriers to access, or at least all of those that he is able to access; and he tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access;  he  proceeds  with  legal  action  to  enjoin  such discrimination; and he subsequently returns to the premises to verify compliance or non-compliance with the ADA and to otherwise use  the  public  accommodation  as  members  of  the  able-bodied community are able to do."

According to his complaint, Bruni visited "the Facility" in his individual capacity and as a "tester" and could not fully access it due to numerous ADA violations[1], dangerous conditions, and physical barriers to access.   Plaintiff seeks injunctive relief, including an Order to "alter the subject Facility to make

---

[1]Plaintiff enumerates a non-exhaustive list of specific ADA violations in his Complaint at paragraph 17 letters "a" through "j".

it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed." Plaintiff also seeks attorney's fees, expert fees, costs and litigation expenses.

Defendant argues that (1) plaintiff's Complaint is due to be dismissed because plaintiff lacks standing to assert violation of the ADA and(2) plaintiff's prayer for attorney's fees should be stricken. In the alternative, defendant requests a more definitive statement of the case.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002); <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (footnote omitted); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). However, dismissal is warranted under Fed. R.

Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact.  Marsh, 268 F.3d at 1036 n.16.  While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). Dismissal is warranted "only if it appears beyond doubt that the allegations in the complaint, when viewed in the light most favorable to the plaintiff, do not state a claim upon which relief can be granted."  Grippo v. Perazzo, 357 F.3d 1218, 1222 (11th Cir. 2004).

Motions which raise lack of standing attack the court's subject matter jurisdiction, and are therefore considered pursuant to Rule 12(b)(1).  Doe v. Pryor, 344 F.3d 1282, 1284 (11th Cir. 2003).  Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion.  Morrison, 323 F.3d at 924 n.5.  The complaint may be dismissed for a facial lack of standing only "if

it is clear that no relief could be granted under any set of facts
that could be proved consistent with the allegations." Jackson v.
Okaloosa County, 21 F.3d 1531, 1536 n.5 (11th Cir. 1994) (citation
omitted).  The facial attack standard is thus similar to the Rule
12(b)(6) standard.  O'Halloran v. First Union Nat'l Bank of Fla.,
350 F.3d 1197 (11th Cir. 2003)(addressing standing under Rule
12(b)(6)); Doe, 344 F.3d at 1282-85.  The principal purpose of
standing is to ensure that the parties before the Court have a
concrete interest in the outcome of the proceedings such that they
can be expected to properly frame the issues.  Harris v. Evans, 20
F.3d 1118, 1121 (11th Cir. 1994)(*en banc*).

### III.

Title III of the ADA prohibits discrimination in places of
public accommodation against persons with disabilities.  42 U.S.C.
§ 12182(a).   Discrimination  includes  "a  failure  to  remove
architectural  barriers,  and  communication  barriers  that  are
structural in nature, in existing facilities . . . where such
removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).
Under the ADA, "any person who is being subjected to discrimination
on the basis of disability" has a private right of action for
injunctive relief.  42 U.S.C. § 12188(a)(1).

FMCO  asserts  that  because  the  Complaint  relies  "almost
exclusively on conjecture and fails to allege facts sufficient to
confer  Article  III  standing"  the  Court  lacks  subject  matter

jurisdiction.  Additionally, relying on <u>Access for the Disabled,</u>
<u>Inc. v. Rosof</u>, 8:05-cv-1413-T-30TBM, 2005 U.S. Dist. Lexis 37853,
at *9 n.4 (M.D. Fla. Dec. 28, 2005), defendant asserts that no
Florida court recognizes "tester" standing in ADA cases.

Article III of the United States Constitution limits the
jurisdiction of a federal court to adjudicating actual cases and
controversies.  U.S. Const. art. III, § 2, cl. 1.  A component of
the case or controversy requirement is standing, which determines
"whether the litigant is entitled to have the court decide the
merits of the dispute or of particular issues." <u>Nat'l Alliance for</u>
<u>the Mentally Ill v. Bd. of County Comm'rs.</u>, 376 F.3d 1292, 1294
(11th Cir. 2004).  It is plaintiffs' responsibility to allege facts
sufficient to establish their standing, and the Court cannot
"speculate concerning the existence of standing, nor should we
imagine or piece together an injury sufficient to give plaintiff
standing when it has demonstrated none."  <u>Miccosukee Tribe of</u>
<u>Indians of Fla. v. Florida State Ath. Comm'n</u>, 226 F.3d 1226, 1229-
30 (11th Cir. 2000); <u>see</u> <u>also</u> <u>Shotz v. Cates</u>, 256 F.3d 1077, 1081
(11th Cir. 2001).

In order to establish constitutional standing, a plaintiff
must adequately allege, and ultimately prove, three elements: (1)
that each has suffered a particularized concrete injury to a
legally protected interest (an "injury-in-fact"); (2) that the
injury is fairly traceable to the challenged action (causation);
and (3) that it is likely the injury may be redressed by judicial

action (redressability).  Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005)(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  These requirements are the "irreducible minimum" required by the Constitution for a plaintiff to proceed in federal court.  Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 771 (2000); Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 664 (1993).  Additionally, several court-created prudential limitations must be satisfied. Kowalski v. Tesmer, 543 U.S. 125, 128 (2004); Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805 (11th Cir. 1993).  Furthermore, plaintiffs seeking injunctive relief lack standing unless they allege facts giving rise to an interference that they will suffer future discrimination by the defendant. Shotz v. Cates, 256 F.3d 1077.  "[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."  Church v. City of Huntsville, 30 F.3d at 1337; see also Bowen v. First Family Fin. Servs., 233 F.3d 1331, 1340 (11th Cir. 2000).

The Court finds, upon review of the Complaint, that plaintiff has alleged sufficient facts to establish standing for himself individually.  Plaintiff alleges a qualifying disability, that he suffered an injury by not being able to partake in the goods and services at the premises due to barriers to access, and that he

intends to return.  Therefore, the motion to dismiss is due to be denied as to plaintiff individually.

The United States Supreme Court has recognized the standing of a "tester" in the context of the Fair Housing Act of 1968 (FHA). Gladstone Realtors v. Bellwood, 441 U.S. 91 (1979).  The Eleventh Circuit Court of Appeals has also recognized the standing of a "tester" to maintain an action under the FHA as well as 42 U.S.C. § 1982.  Watts v. Boyd Properties, 758 F.2d 1482, 1485 (11th Cir. 1985).  The standing of a fair housing organization on behalf of its testers has also been recognized.  Central Ala. Fair Hous. Ctr., Inc. v. Lowder Realty Co., 236 F.3d 629, 642-643 (11th Cir. 2000).  The Tenth Circuit has found standing for "testers" to sue under the ADA, see Tandy v. City of Wichita, 380 F.3d 1277, 1287 (10th Cir. 2004), but the Eleventh Circuit has not addressed the issue in the context of the ADA.  One District Court in the Middle District of Florida has declined to adopt the classification of the Tenth Circuit, Access for the Disabled, Inc. v. Rosof, 8:05-cv-1413-T-30TBM, 2005 U.S. Dist. Lexis 37853, at *9 n.4 (M.D. Fla. Dec. 28, 2005), and another District Court concluded that a future injury could be satisfied by a "tester."  Disability Advocates & Counseling Group, Inc. v. 4SK, Inc., 6:04-cv-327-Orl-31JGG, Doc. #49, p. 17 (M.D. Fla. April 6, 2005).  The Court finds, at this stage of the proceedings, that plaintiff has sufficiently plead standing as a "tester" and therefore, the motion to dismiss will be denied as to plaintiff in his capacity as a "tester."

**IV.**

The Eleventh Circuit has clearly stated that "[a] person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, . . .  We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award."  <u>Association of Disabled Ams. v. Neptune Designs, Inc.</u>, 469 F.3d 1357 (11th Cir. 2006).  Assuming the attorney's fees that may be sought as a prevailing party are reasonable, a prevailing plaintiff is entitled to attorney's fees under the ADA.  <u>See</u> 42 U.S.C. § 12205.  Therefore, the motion to strike will be denied.

Accordingly, it is now

**ORDERED**:

1.   Defendant, FMCO, L.L.C.'s Motion to Dismiss, or in the alternative, Motion for a More Definite Statement (Doc. #8) is **DENIED.**

2.   Defendant, FMCO, L.L.C.'s Motion to Strike Prayer for Attorneys' Fees and Memorandum of Law (Doc. #8) is **DENIED.**

3.   Plaintiff's request to amend the complaint if defendants' motion is granted, contained in the Response (Doc. #14, p. 14), is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of March, 2007.

JOHN E. STEELE
United States District Judge